# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 24-CR-247-003** |
| JEREMY RODRIGUEZ | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

Defendant Jeremy Rodriguez, acted as a broker for pound quantities of pure methamphetamine, facilitating the distribution of a substance that devastates individuals, families and communities.  This was not a momentary lapse in judgment but a deliberate role in two drug transactions, reflecting planning, coordination and an intent to profit from widespread harm.  The scale of the deal and purity of the substance underscores the seriousness of the offense and the significant risk posed to public safety.  Furthermore, Rodriguez committed this offense while on probation after being convicted for his participation in the distribution of heroin, fentanyl and crack cocaine just two years prior to the instant offense. For these reasons, as well as for the reasons provided below, the government recommends a sentence of incarceration within the range of 78 to 84 months.

A sentencing court follows a two-step process, first calculating the range under the Sentencing Guidelines, and then considering that range along with all pertinent 18 U.S.C. § 3553(a) factors in determining the appropriate sentence. *See* USSG § 1B1.1 (Nov. 1, 2025).[1]

---

[1]  Courts previously followed a three-step process, in which the court first calculated the guideline range, then next ruled on motions for departure, before considering the 3553(a) factors.

*continued* . . .

At the second step of the sentencing process, "[t]he record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors. . . . [A] rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises 'a ground of recognized legal merit (provided it has a factual basis)' and the court fails to address it." *United States v. Cooper*, 437 F.3d 324, 329-30 (3d Cir. 2006) (citations omitted). *See also Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."); *United States v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (en banc) ("Failure to give 'meaningful consideration' to any such argument renders a sentence procedurally unreasonable which, when appealed, generally requires a remand for resentencing.").

The government explains below its view of the proper consideration in this case of the advisory guideline range and of the Section 3553(a) factors.

I.    **BACKGROUND**

On September 19, 2025, the defendant pled guilty to Counts One, Eight and Nine of the Indictment charging conspiracy to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 846 (Count One), two counts of aiding and abetting distribution of 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. § 841(a)(1) (Counts Eight and Nine).  During his plea colloquy and his PSR interview, the defendant admitted that he unlawfully facilitated the distribution of methamphetamine on April 4, 2024, and April 19, 2024.

---

*See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). In an extensive amendment to the Guidelines effective November 1, 2025, the Sentencing Commission eliminated the departure provisions in the manual and dictated the two-step process described above.

II.    **SENTENCING CALCULATION**

A.    **Statutory Maximum Sentence.**

The maximum sentence that may be imposed on the defendant is a term of imprisonment of life, a maximum term of supervised release of five years, a fine of $30,000,000.00, and a special assessment of $300.00. There is a mandatory minimum term of imprisonment of ten years on Counts One, Eight and Nine.

B.    **Sentencing Guidelines Calculation.**

The Probation Office correctly calculated the defendant's advisory guideline range as follows:

| | |
|---|---|
| Base Offense Level<br>(at least 500 grams of methamphetamine actual but less than 1.5 kilograms) | 34 |
| Specific Offense Characteristic<br>(see sealed supplement) | -2 |
| Acceptance of Responsibility | -3 |
| Total Offense Level: | 29 |

Therefore based upon a total offense level of 29 and a criminal history category of I, the guideline imprisonment range is 87-108 months.

III.    **ANALYSIS**

The Supreme Court has declared: "As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). "These requirements mean that '[i]n the usual sentencing, . . . the judge will use the Guidelines range as the starting point in the analysis and impose a sentence within the range." *Peugh v. United States*, 569 U.S. 530, 542 (2013) (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011) (plurality opinion); ellipsis in original). "Common sense indicates that in general, this system will steer district courts to more within-

Guidelines sentences." *Peugh*, 569 U.S. at 543. "The federal system adopts procedural measures intended to make the Guidelines the lodestone of sentencing." *Id.* at 544.

In addition, this Court must also consider all of the sentencing considerations set forth in Section 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### A.      Consideration of the 3553(a) Factors Regarding Imprisonment.

The defendant engaged in a serious offense. Methamphetamine use has severe and far-reaching effects on both the body and mind.  Chronic use can lead to addiction, profound changes in brain function, and long-term cognitive impairment, including memory loss and decreased ability to make sound decisions.  Physically, it is associated with heart problems, extreme weight loss, dental decay and increased risk of stroke.  Users often experience paranoia, anxiety, and violent behavior, which can damage relationships and destabilize communities. Over time, the drug's impact extends beyond the individual -- contributing to family breakdown and significant public health burdens.  This case falls squarely within the class of cases to which

the applicable guidelines are addressed, and thus consideration of the nature of the offense, § 3553(a)(1), counsels in favor of a significant sentence of incarceration.

Further, the defendant's history supports the need for significant incarceration. Only two years prior to this offense, the defendant was convicted of a felony drug distribution offense. That conviction and opportunity for rehabilitation by way of a suspended sentence did little to deter his current criminal conduct. It is clear that the recommended term of imprisonment is required "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). Furthermore, the recommended sentence of incarceration affords adequate deterrence to others who would commit a similar offense and protects the public from further crimes of the defendant, for at least as long as he remains incarcerated. *Id.*

In addition, a sentence withing the range of 78 to 84 months assures that the defendant's sentence is consistent with those imposed nationwide on similarly situated offenders, and thus complying with Section 3553(a)(6) and avoiding undue disparity.

There is no need in this case to adjust the sentence in order "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . ." § 3553(a)(2)(D). Also, restitution is not an issue in this case. § 3553(a)(7).

Therefore, in sum, all of the appropriate considerations of sentencing favor the imposition in this case of significant sentence of incarceration. As noted, the Sentencing Guidelines present "the lodestone of sentencing," *Peugh*, 569 U.S. at 544, and that guide is once again persuasive in this case.

**B.**     **Supervised Release.**

Pursuant to Sections 5D1.1 and 5D1.2 of the Sentencing Guidelines, as amended effective November 1, 2025, the Court is directed to conduct an "individualized assessment" when deciding whether to impose a term of supervised release, and if supervised release is imposed, how long the term should be. The Court is further directed to state in open court its reasons for imposing or not imposing a term of supervised release, and its reasons for the length of a term imposed. Further, Section 5D1.3 sets forth mandatory conditions of a term of supervised release, and "discretionary conditions" that the Court may impose, following the same individualized assessment.

The guideline commentary, consistent with 18 U.S.C. § 3583(c), provides that the "individualized assessment" should rest on consideration of the same sentencing factors under 18 U.S.C. § 3553(a) that are considered with respect to a term of imprisonment, with the exception of Sections 3553(a)(2)(A) (the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense") and 3553(a)(3) ("the kinds of sentences available"), which do not apply with regard to supervised release decisions.

In this case, a term of supervised release of at least five years is warranted. As explained above, the defendant committed this offense while on probation for a prior distribution offense. Of note a review of his history reveals that he has been arrested three times for serious drug offenses which resulted in only one prior conviction.  These arrests occurred within months of each other June 17, 2021, September 7, 2021 and October, 20, 2021.  He was finally convicted on April 26, 2022 and then committed these offenses in April of 2024.  Close supervision following release from imprisonment is warranted to aid his reentry to society and to protect the

public. A term of supervised release in this case advances the goals of sentencing to deter criminal conduct, § 3553(a)(2)(B), protect the public, § 3553(a)(2)(C), assure that the defendant continues to pursue education and vocational efforts that promote rehabilitation, § 3553(a)(2)(D). Further, the Sentencing Commission recognizes that "[i]n a case in which a defendant sentenced to imprisonment is an abuser of controlled substances or alcohol, it is highly recommended that a term of supervised release also be imposed." § 5D1.1 app. note 3.  The defendant admitted during his PSR interview that he has been using marijuana daily since age 18 and that he also abused oxycodone during that time which quickly escalated to daily consumption of three or four pills per day until his arrest.

This assessment also supports imposition of all of the mandatory and standard conditions of supervised release listed in Section 5D1.3, as well as the additional conditions recommended by probation that he shall participate in a mental health program for evaluation and treatment and submit to evaluation and treatment for substance abuse.

## IV.    CONCLUSION

For these reasons and subject to any that may be presented at the defendant's sentencing hearing and in the Sealed Supplement, the government believes that a significant sentence that fully accounts for the scope and severity of the defendant's criminal conduct is appropriate in this case.

Respectfully submitted,

DAVID METCALF
United States Attorney


LIZMAR BOSQUES
Assistant United States Attorney

- 7 -

## CERTIFICATE OF SERVICE

I hereby certify that this Sealed Supplement to Sentencing Memorandum has been served by email:

>  Lawrence J. Bozzelli, Esq.
>  211 North 13th Street Suite 701
>  Philadelphia, PA  19107
>  267-251-7822
>  lbozz@hotmail.com

LIZMAR BOSQUES
Assistant United States Attorney

DATED:  April 14, 2026.